## Piper-Ochab v. Guthrie Clinic Ltd.

C.P. of Lackawanna County, no. 98-CV-5691.

*John T. McLane,* for plaintiffs.
*Judith W. Daley,* for defendants Guthrie Clinic and Levitt.
*John Q. Durkin,* for defendant Robert Packer Hospital.

CORBETT, *J.,* January 20, 2000—Before the court is the motion for reconsideration of the defendant, Guthrie Clinic Ltd. On December 8, 1999, the defendant filed the present motion for reconsideration and stay of this court's order and opinion dated November 29, 1999. Oral argument was heard on December 27, 1999, and the parties have briefed their respective positions. Thus, this matter is ripe for disposition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiffs instituted this medical malpractice action on November 19, 1998. The complaint states that the wife-plaintiff, Carol Piper-Ochab, was a patient of the defendant, Jodie K. Levitt M.D., at Guthrie Clinic Ltd. On November 21, 1996, the defendant physician admitted wife-plaintiff to the Robert Packer Hospital, and the plaintiffs allege that the defendant physician neg-

ligently performed a surgical procedure on her at the hospital.

The plaintiffs allege that the defendants, Guthrie Clinic Ltd. and Robert Packer Hospital, employed the defendant physician as a neurosurgeon. The plaintiffs allege, inter alia, that the defendant hospital and defendant clinic were negligent in extending privileges to Jodie K. Levitt M.D. to perform the November 21, 1996 surgery and/or failing to restrict the procedures performed by the doctor to those which she had adequate experience in performing.

During the course of discovery, the plaintiffs served a request for the production of documents on the defendant clinic, and the defendant clinic raised objections to the production of certain documents. Therefore, the plaintiffs presented to the court a motion to compel production of documents. Oral argument was heard on October 25, 1999. This court issued an order on the same date, wherein the defendant clinic was ordered to produce certain documents at issue. Additionally, by the same order of the court, the plaintiffs and the defendant clinic were ordered to file briefs on their respective positions (1) with respect to the plaintiffs' request for the application of employment of the defendant, Jodie K. Levitt M.D., and (2) with respect to the plaintiffs' request for all correspondence to any medical search firms.

The plaintiffs and the defendant clinic filed their respective briefs on October 29, 1999. On November 29, 1999, this court issued an opinion and order wherein the defendant clinic was ordered to provide the plaintiffs with

a copy of the application of employment of the defendant, Jodie K. Levitt M.D., within 10 days.[1]

On December 8, 1999, the defendant clinic filed this motion for reconsideration and stay of order dated November 29, 1999. The plaintiffs filed a response to defendant clinic's motion, and oral argument was heard on December 27, 1999.

## DISCUSSION

The defendant clinic asserts two arguments in its motion for reconsideration which this court will address seriatim.

## I.

The defendant clinic first asserts that the instant motion was filed because "the court was under the impression that the doctor's application was not reviewed by the clinic review committee as defined by the Act." The court finds this statement disingenuous. The court was not under any misimpression as the defendant clinic suggests. Before rendering a decision in this matter, this court reviewed the record, as the court does in all cases. At the time the court rendered a decision in this matter, the record was void of any averment by the defendant clinic that the defendant physician's application for employment was submitted to the defendant clinic's review com-

---

1. The opinion did not address the plaintiffs' request for the production of all correspondence with any medical employment search firms concerning the defendant physician since the defendant clinic averred in its brief that no such correspondence exists.

mittee. At this late date, the defendant clinic attempts to add to the record by attaching to its motion a verification by Dr. Scopelliti, executive vice president of clinical affairs of Guthrie Clinic Ltd., wherein Dr. Scopelliti states that the application of the defendant physician was submitted to him as the peer review individual. See defendant clinic's motion for reconsideration, exhibit "C." This court, however, has not enlarged the time for submission of further documentation with respect to the application for employment of the defendant physician. Therefore, the court will not consider this additional document.

The defendant clinic also misstates the opinion of this court. In its brief in support of motion for reconsideration, the defendant clinic states that "Dr. Scopelliti states in his verification that the peer review questionnaire was submitted and reviewed, and, therefore, as this court pointed out, it would come under the protection of the Peer Review Act." Contrary to the defendant clinic's statement, this court did not state in the opinion that under the aforementioned circumstances, the application for employment would be protected by the Peer Review Protection Act. Rather, the defendant clinic's statement directs itself to the language found in the opinion of the court in *Fetterman v. Haba*, 47 D.&C.3d 435 (Jefferson Cty. 1987). This court found the circumstances in the *Fetterman* case distinguishable from the case sub judice. Moreover, this court does not agree with the reasoning as set forth in the *Fetterman* case. Rather, as stated in the opinion of this court, we found the reasoning of the court in *Fowler v. Pirris*, 34 D.&C.3d 530 (Washington Cty.

1981) convincing in this matter. The *Fowler* court employed the following reasoning:

"Peer review is defined in the PRPA as a review 'of services ordered or performed by *other* professional health care providers.' The records of such reviews are kept confidential in order to improve the quality of care, reduce morbidity and mortality and to keep the cost of care within reasonable bounds. The application of Dr. Pirris is not a document that reviews the services of another health care provider. In fact, it does not review 'services ordered' at all; it is a recital in the applicant's own words of what qualifications he believes he has that would entitle him to a staff position. Consequently, the application is not a peer review within the definitional section of the PRPA." *Id.* at 535-36. (footnote omitted)

## II.

Secondly, the defendant clinic seeks reconsideration because "[t]his court also appeared to rely on the doctrine of corporate liability, as enunciated in *Thompson v. Nason Hospital,* [as] an additional reason for requiring the clinic to produce the doctor's employment application." The defendant clinic argues that the doctrine of corporate liability does not apply to Guthrie Clinic Ltd., and, therefore, it cannot be the basis for requiring the production of the defendant physician's application for employment. In support thereof, the defendant clinic cites to *Dibble v. Penn State Geisinger Clinic Inc.,* 42 D.&C.4th 225 (1999), wherein the Honorable Carmen Minora granted the preliminary objection in the nature of a demurrer of the defendant, Penn State Geisinger

Clinic, to plaintiffs' claim of corporate liability. See defendant clinic's motion for reconsideration, exhibit "E."

Additionally, the defendant clinic cites to two additional court of common pleas cases in support of its argument that the doctrine of corporate liability does not apply to a professional corporation of physicians such as Guthrie Clinic Ltd. See defendant clinic's motion for reconsideration, exhibit "F," *Johnson v. Wiseman,* 3 Bradford 95 (1998) and exhibit "G," *Wickham v. Suprock,* 82 Erie L.J. 109 (1998). However, this court will limit its review to the *Dibble* case, *supra,* because it is the only decision from the Court of Common Pleas of Lackawanna County cited by the defendant clinic.

With all due deference to Judge Minora's learned opinion, the *Dibble* case and the case sub judice are procedurally distinguishable. In the former case, Penn State Geisinger Clinic's preliminary objection in the nature of a demurrer to the plaintiffs' claim of corporate liability was before the court. The case before this court, however, is at the discovery stage. Moreover, upon a thorough review of the record, this court finds that the defendant clinic failed to raise a preliminary objection in the nature of a demurrer to the plaintiffs' claim of corporate liability against the defendant clinic. Consequently, the plaintiffs' corporate liability claim remains a viable claim in this case, and this court's review is limited to discovery issues. Assuming, as we must, that the corporate liability claim remains in this case, our analysis in the opinion of this court dated November 29, 1999, with respect to *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991) remains sound, and the application

for employment of the defendant physician is discoverable under the *Thompson* theory.

Our reading of the *Dibble* opinion indicates that Judge Minora ruled that the corporate liability claim was barred as a matter of law, based upon the facts as set forth in the plaintiffs' complaint. In the case sub judice, if discovery fails to meet the *Thompson* test, then a motion for summary judgment with respect to the plaintiffs' corporate liability claim may be appropriate; however, it is premature at this time for this court to make such a ruling.

This court finds the foregoing arguments of the defendant clinic are without merit. Thus, the motion for reconsideration of the defendant clinic is denied. An order consistent with this memorandum will follow.

## ORDER

And now, January 20, 2000, consistent with the foregoing memorandum, it is hereby ordered and decreed that the motion for reconsideration of the defendant, Guthrie Clinic Ltd., is denied. It is further ordered and decreed that the defendant, Guthrie Clinic Ltd., shall provide the plaintiffs with a copy of the application of employment of the defendant, Jodie K. Levitt M.D., within 10 days of this order.